IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06cv357

| | | |
|---|---|---|
| R. B. JOLLEY, by and through his attorney in fact, DEAN FERREE, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| UNITED PARCEL SERVICE, | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Allow Joinder and Remand. On October 2, 2006, plaintiff filed this action in the North Carolina General Court of Justice, Superior Court Division, Rutherford County. Defendant timely removed this action by asserting the court's diversity jurisdiction over the matter. After removal, plaintiff moved to join Randy Toney, who is allegedly an employee of defendant and was purportedly driving the UPS vehicle involved in the accident. Mr. Toney is a resident of the State of North Carolina, and his joinder in this action would require remand to the state court inasmuch as complete diversity would be defeated. The parties have fully briefed the issue, and UPS opposes joinder and remand.

Prior to plaintiff filing this action, his wife, Lovia Jolley, filed an action in state court against UPS and Mr. Toney, which apparently involves damages she may have

suffered as a result of the accident at issue here.[1] In any event, UPS and Mr. Toney filed a third-party complaint in the state-court action against Mr. Jolley, and Mr. Jolley has in turn filed counterclaims against UPS and Mr. Toney. Those claims are now pending in Rutherford County and, other than UPS, all parties apparently reside in Rutherford County and the accident occurred in Rutherford County.

The problem plaintiff seeks to remedy in the instant motion is of his own making: plaintiff failed to sue the driver of the vehicle he contends caused him personal injuries. Because plaintiff only sued a diverse defendant and the amount in controversy well exceeded the jurisdictional threshold, this action was properly removed by defendant based on diversity jurisdiction. 28 U.S.C. § 1332. Such removal left the other action in state court, which is an action unremovable inasmuch as it is between residents of the State of North Carolina in addition to UPS.

As his basis for the motion, plaintiff argues that he fears inconsistent results and enormous costs in litigating the same accident in both federal and state court. Plaintiff seeks to now join Mr. Toney into this federal diversity action, which defendant contends is merely a ploy to defeat federal jurisdiction inasmuch as a claim against Mr. Toney adds nothing to the claim or quantum of possible recovery against UPS. It is undisputed that if this court allows joinder, such joinder would cause a instantaneous divestment of this court's jurisdiction, requiring remand to state court.

The court has first considered the possibility of inconsistent judgments. The

---

[1] This court has not been favored with a copy of the Lovia Jolley Complaint and the pleadings are not clear whether she is making claims that are derivative of Mr. Jolley's claims or whether she was also involved in the accident.

possibility of inconsistent results is no greater today than it was when plaintiff chose to file a separate action three months after his spouse filed her action. Clearly, plaintiff could have sought leave to join in his spouse's action. Regardless of whether the two juries that hear this action are one federal and one state, or two state juries, it is very possible that one jury could find Mr. Jolley at fault, while the other could find Mr. Toney at fault, which would be an inequitable result. Likewise, two juries could independently find the same party responsible for the accident, and the prevailing party would receive two recoveries for the same injury. While not inconsistent, such a result would clearly violate "the fundamental legal principle that there can be only one recovery of damages for one wrong or injury." Southern Pines Chrysler-Plymouth, Inc. v. Chrysler Corp., 826 F.2d 1360, 1365 (4th Cir. 1987).

Besides the possibility of an inequitable or unjust result for the parties, the court has further considered the impact that inconsistent decisions could have on public confidence in its system of justice.

> Duplication is to be avoided because it wastes scarce judicial resources, but the possibility of inconsistent results is far more serious, as it undermines confidence in the judicial process as a whole.

Magett v. Sheahan, 1996 WL 153887, 3 (N.D.Ill.1996).[2] Thus, the situation presented raises serious concerns as to impact parallel proceedings can have on the integrity of the judicial process. This factor favors allowance of joinder and remand.

Next, the court has considered the scarcity of judicial resources. From the perspective of the federal court system, budget cuts have resulted in court staffing that

---

[2] Due to the limitations of electronic filing, a copy of such unpublished decision is incorporated by reference to the Westlaw citation.

is insufficient to meet the case load. Similarly, the undersigned takes judicial notice that the North Carolina General Court of Justice is also under tremendous financial pressure. Besides potential waste of court time, the court notes the huge burden service on a jury imposes on jurors, their families, and their employers. The court finds that it would be an extraordinary waste of the public's time and taxpayers' dollars to require two juries to hear and decide the same issues of fault fostered by the same accident.

In considering a motion to join, the Court of Appeals for the Fourth Circuit has explained that "when a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e) ...." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir.1999). Section 1447(e) provides, as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.

28 U.S.C. § 1447(e). The question of whether to permit or deny joinder "is committed to the sound discretion of the district court." Mayes, at 462. Factors which the court may consider include:

> the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

Gum v. Gen. Elec. Co., 5 F.Supp.2d 412, 414 (S.D.W.Va.1998) (quotations and citations omitted). Careful scrutiny is required

> [e]specially where, as here, a plaintiff seeks to add a nondiverse

defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.

AIDS Counseling and Testing Centers v. Group W Television Inc., 903 F.2d 1000, 1003 (4th Cir.1990).

This court has considered each factor. Clearly, plaintiff seeks joinder to defeat jurisdiction in this court and defendant has made a sound argument that plaintiff's speed in seeking amendment is attributable to a desire for remand, not promptness or discovery of some new evidence. Further, it would appear that the potential for injury to plaintiff if joinder is not allowed is of his own creation in not either joining in the action of his spouse or in naming Mr. Toney in the original complaint. However financial harm to the plaintiff could well be caused if the plaintiff has to present his claims in two jurisdictions.

The court has also considered the inequities discussed above. The court believes that the potential for inconsistent results, the clear waste of federal and state judicial resources, and the potential for disturbing public confidence in the fairness of their judicial system counsels joinder and remand.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's

(1) Motion to Allow Joinder (#5) is **ALLOWED**, and defendant Randy Toney is **JOINED** as a defendant in this action; and

(2) it appearing that a non-diverse defendant has been joined and that such

joinder defeats diversity jurisdiction, plaintiff's Motion to Remand (#5) is **ALLOWED,** and this action is **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, Rutherford County.

**The Clerk of this court is respectfully instructed to not certify this Order of Remand for 10 days from receipt of such Order by respective counsel (presumptively 3 days from filing) to allow time for the filing and service objections to this Order, if any. Fed.R.Civ.P. 72(a). <u>Wyatt v. Walt Disney World, Co.</u>, 5:97cv116-V (W.D.N.C. 1999)**

Signed: December 5, 2006

Dennis L. Howell
United States Magistrate Judge